UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | Case No. 25-cv-06167-JD |
| Plaintiff, | |
| v. | **ORDER RE DEFAULT JUDGMENT** |
| JOHN JOSEPH EGAN, et al., | |
| Defendants. | |

As alleged in the complaint, plaintiff Transamerica Life Insurance Company issued a life insurance policy to defendant John Egan in 2020. Dkt. No. 1 ¶ 15. The policy included a long-term care rider with Egan as the beneficiary. *Id*. ¶ 16. The rider provided coverage for in-home skilled nursing or other professional care if Egan met the definition of a "Chronically Ill Individual." *Id*. ¶ 17.

In 2023, Egan filed a claim for coverage under the rider on the basis of representations of severe pain, and almost total loss of daily functions and mobility, from injuries suffered in an auto accident. *Id*. ¶ 25. Transamerica accepted the representations and approved coverage. Over the life of the claim, Egan submitted "hundreds of written Proofs of Loss," which were said to document his in-home care services for payment by Transamerica. *Id*. ¶¶ 31-38.

In April and July 2024, Transamerica exercised its right under the policy to require an in-person reassessment of Egan's condition. *Id*. ¶¶ 41-46. Based on representations made by Egan to the examiners during the reassessment, Transamerica continued to pay benefits. *Id*.

In September and October 2024, Transamerica decided to investigate Egan's situation because he provided no indication that his injuries were healing in an expected manner. *Id*. ¶¶ 48-65. Transamerica surveilled Egan and determined that he was performing daily functions such as

United States District Court
Northern District of California

working a full day at a demolition job, driving, standing and walking, carrying items, and shopping, with no visible sign of impediment or function loss. *Id*. Transamerica surveilled Egan again in January 2025, and obtained similar evidence. *Id*. ¶¶ 69-71. During each period of surveillance, there was no evidence that an in-home care provider actually treated Egan. *Id*. ¶¶ 52, 63, 72. Based on the surveillance evidence, an independent medical examiner retracted an initial opinion that Egan suffered from function loss, and determined that Egan had no loss. *Id*. ¶ 78.

Transamerica concluded that Egan had engaged in fraud and filed this lawsuit in July 2025. Dkt. No. 1.[1] The complaint alleges claims against Egan for insurance fraud, negligence, civil theft, breach of contract, and the like, along with a request for declaration that Egan's policy coverage is lapsed and void. Transamerica alleges that it paid Egan a total of $148,497.47 in benefits, among other damages incurred in relation to Egan's conduct. *Id*. ¶ 80.

Egan was served in August 2025. Dkt. No. 24. He has not appeared in the case or otherwise communicated with the Court. The Clerk issued a notice of entry of default for Egan in October 2025. Dkt. No. 26. Transamerica now asks for entry of a default judgment. Dkt. No. 43.

**DISCUSSION**

**I. JURISDICTION**

"In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case." *FormFactor, Inc. v. Mr. Prober Tech. Inc.*, No. 13-cv-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)). Transamerica has demonstrated traditional diversity subject matter jurisdiction under 28 U.S.C. § 1332 because it is a citizen of Iowa and Egan is a citizen of California. *See* Dkt. No. 1 ¶¶ 1-4. The Court has personal jurisdiction over Egan. Transamerica filed a proof of service indicating that the summons and complaint were properly served on Egan at a residence in Millbrae, California, which is within this District, by a registered California process server. Dkt. No. 24.

---

[1] Transamerica also named as a defendant an individual said to have been Egan's care provider, but was unable to locate and serve that person, and has proposed to go forward against Egan only. *See* Dkt. No. 41.

United States District Court
Northern District of California

## II.    DEFAULT JUDGMENT

"Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action." *See FormFactor*, 2015 WL 1870236, at *2. "The district court's decision whether to enter a default judgment is a discretionary one." *Id.* (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The decision is based on the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The main inquiries under the *Eitel* factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

Overall, the complaint plausibly and adequately alleged that Egan filed a false claim of coverage with Transamerica, misrepresented his qualifications for coverage, and fraudulently obtained benefits payments. Exhibits filed with the request for default judgment provided additional evidence in support of these allegations. *See, e.g.,* Dkt. No. 43-1.

The other *Eitel* factors favor entry of default judgment. Transamerica will be prejudiced if default judgment is not granted because it will have paid benefits that it was not obligated to have disbursed to Egan, and will be left without a remedy for insurance fraud. The amount of money at stake is closely tailored to the benefits that were paid. Because Egan has not appeared despite proper service, there is "no indication that [the] default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible." *Broad. Music, Inc. v. JMN Rest. Mgmt. Corp.*, No. 14-cv-01190-JD, 2014 WL 5106421, at *2 (N.D. Cal. Oct. 10, 2014) (citation omitted). Consequently, default judgment is warranted.

### III.    THE RELIEF

Transamerica has established by declaration that it paid Egan $148,497.47 in benefits, and paid $23,801.16 for the surveillance and independent medical examinations.  *See* Dkt. No. 43-4 at ¶ 7.  The combined amount of $172,298.63 for these losses is trebled under California Penal Code Section 496(c) for the civil theft claim.  A claim for $688.88 in waived premiums was not supported by the declaration and will not be awarded.

Transamerica has incurred attorney's fees in the amount of $35,072.50, and costs in the amount of $1,031.17, all of which were documented by declaration.  *See id*. ¶ 8.  Attorney's fees and costs may be awarded for the civil theft claim under California Penal Code Section 496(c).  The Court's review of the fees and costs indicates they are reasonable.

Prejudgment interest is awarded under California Civil Code Section 3288 at the rate of 7% per annum.  *See* Cal. Const., art. XV, § 1.  Punitive damages and declaratory judgment are declined.

**IT IS SO ORDERED.**

Dated: May 12, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4